IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 3:07-926-JFA |
| ) | |
| v. ) | ORDER |
| ) | |
| CLEVELAND LAQUINCY GRIFFIN ) | |
| ) | |
| _____ ) | |

The defendant, Cleveland LaQuincy Griffin, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government has responded and moved for summary judgment, contending that defendant's claims are without merit. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court apprised the defendant of his right and obligation to respond to the motion for summary judgment, and the defendant filed a timely response.

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

In deciding a § 2255 motion, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings

1

that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); see 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

The present petition was filed on October 18, 2010 and is within the one-year time limitations set forth in 28 U.S.C. § 2255.

## PROCEDURAL HISTORY

The defendant was indicted in August 2007 by a federal grand jury. Included among the several criminal violations alleged was Count 10, which charged the defendant with intent to distribute 50 grams or more of cocaine base in violation of federal law. In January 2008, Griffin pled guilty to Count 10. Based upon Griffin's two prior felony drug convictions and the Information under 21 U.S.C. § 851 served upon him by the government, he faced a mandatory minimum sentence of Life. However, the government agreed, in exchange for the defendant's plea of guilty, to withdraw one of the three § 851 sentencing enhancements resulting in a reduction of the mandatory sentence from Life to twenty years.

In September 2008, Griffin appeared before this court for sentencing. After adopting the Presentence Report (PSR), the court concluded that Griffin faced the mandatory twenty-year minimum sentence pursuant to federal statute, and that the guideline sentencing range was 262 to 327 months. The guideline range was driven primarily due to Griffin's career offender status under the guidelines. Specifically, he had three prior convictions that, at the time of his sentencing, qualified him as a career offender: (1) a December 18, 2001 conviction for "failure to stop for a blue light"; (2) a November 05, 1997 conviction for

"pointing a firearm"; and (3) two convictions that occurred on the same day, December 18, 2001 for "possession with intent to distribute crack cocaine" and "possession with intent to distribute marijuana."

Griffin has now returned to this court with a motion pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. He claims that he is "actually innocent" of the charges and bases his claim on his counsel's alleged ineffectiveness.

After carefully considering the entire record in this case, together with the positions of the parties as advanced in their memoranda, the court is constrained to agree with the government that an evidentiary hearing is not necessary and that the government's motion for summary judgment should be granted.

## STANDARDS OF LAW

Summary judgment for the government is appropriate where the admissible evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Williams v. Staples, Inc.* 372 F.3d 662, 667 (4th Cir. 2004) (citing Fed. R. Civ. P. 56(c)). The court must view the facts in the light most favorable to the party opposing summary judgment, and it may not make credibility determinations or weigh the evidence. *Id.*, (*citing Thompson v. Aluminum Co. of Am.*, 276 F.3d 651, 656 (4th Cir. 2002)). However, an issue of fact is "material" only if establishment of the fact might affect the outcome of the lawsuit under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* "Indeed, to withstand a motion for summary judgment, the

non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial." *Hill v. O'Brien*, No. 09-6823, 2010 WL 2748807, at \*2 (4th Cir. July 12, 2010) (*citing* Fed. R. Civ. P. 56(e)(2); *see Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir.2002)).

Because the defendant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

In order to prevail on an ineffective assistance claim, the defendant must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). He must first demonstrate that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687–91. In examining the performance of counsel, there is a strong presumption that his conduct was within the wide range of reasonable professional assistance. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the distorting effects of hindsight. *Strickland*, 466 U.S. at 688–89.

In addition to showing ineffective representation, the defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

A defendant who alleges ineffective assistance of counsel following entry of a guilty plea has an even higher burden to meet. *See Hill v. Lockhart*, 474 U.S. 52, 53-59 (1985); *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). In *Hooper*, the Fourth Circuit

4

stated that:

> When a defendant challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [Strickland] test is slightly modified. Such a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on trial." (emphasis added.)

## DISCUSSION

Initially, Griffin contends that the government is required to prove which convictions it is relying upon for career offender status under United States Sentencing Guideline (U.S.S.G.) § 4B1.1 and that his attorney's failure to raise this issue at sentencing constitutes ineffective assistance of counsel. Griffin cites no authority for this proposition. The guideline itself is silent as to whether the government is required to make such a showing. U.S.S.G. § 4B1.1(a) provides, in relevant part:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least (emphasis added) two prior felony convictions of either a crime of violence or a controlled substance offense.

In Griffin's case, the PSR clearly indicated that the defendant had not two, but three, predicate offenses and thus qualified as a career offender under the Guidelines. Because there is no statutory requirement, nor guideline requirement, nor any case law that stands for the proposition that the government is required to prove which prior offenses it relied on in support of the argument that the defendant was a career offender, Griffin's suggestion that his trial counsel's failure to make this argument fell below an objective standard of

reasonableness is without merit.

Griffin also argues that his counsel was ineffective for failing to object to the use of his December 18, 2001 conviction for "failure to stop for a blue light" as a predicate offense for career offender purposes. Whether a blue light offense qualifies as a predicate offense under the career offender guidelines has been the subject of much litigation in recent years. Suffice it say that at the time of Griffin's guilty plea in January 2008, *United States v. Roseboro*, 551 F.3d 26 (4th Cir. 2009) had not been decided. Moreover, that decision did not hold that failure to stop for a blue light could no longer be used as a crime of violence under the guidelines, instead adopting a modified categorical approach to blue light offenses. Subsequently, in *United States v. Rivers*, 595 F.3d 558 (4th Cir. 2010), the Fourth Circuit Court of Appeals held that under no circumstances is a violation of South Carolina's blue light statute a violent felony.

As indicated above, the gradual evolution of the law in regard to South Carolina's blue light statute occurred subsequent to Griffin's guilty plea. Griffin's counsel cannot be faulted for failing to predict this change in the law which post-dated Griffin's case.

Even assuming that Griffin's counsel could be said to have been ineffective for failing to predict the *Roseboro* and *Rivers* decisions, the omission is of no consequence because there still remain two predicate offenses on Griffin's record, and two offenses are all that the career offender guidelines require.

Griffin next argues that his prior conviction for pointing a firearm is not a violent felony under the career offender guideline. Essentially, he argues that his counsel was

6

ineffective for failing to argue under the modified categorical approach that his 1997 conviction for "pointing a firearm" should not be used as a predicate offense for career offender purposes.

In light of the Fourth Circuit's recent opinion in the unpublished case of *United States v. Byrd*, 2010 WL 438675 (4th Cir. 2010), "pointing a firearm" under S.C. Code Ann. § 15-23-410 is categorically a crime of violence under the guidelines. In *Byrd*, the court applied the categorical approach under *Taylor v. United States*, 494 U.;S. 575 (1990), which only allows the court to look at the fact of conviction and the statutory definition of the prior offense in determining whether or not a prior conviction qualifies as a crime of violence. Therefore, in this case, the court can only look at how the law defines the offense, and not in terms of how an individual offender might have committed the offense on a particular occasion. In sum, the Court found in *Byrd* that a conviction under S.C. Code Ann. §16-23-410 necessarily involves "purposeful, violent, and aggressive" conduct and therefore, constitutes a crime of violence under the career offender guideline. In short, the law under the Fourth Circuit at the time of Griffin's sentencing, as well as today, stands that pointing a firearm is a violent felony under the applicable guideline.

Even assuming Griffin were able to show that his counsel was ineffective in some respect, Griffin certainly cannot show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. As noted previously, when the government agreed to withdraw one statutory sentencing enhancement under § 851, Griffin no longer faced a mandatory minimum of life

7

imprisonment under the statute. Griffin thus received a substantial benefit under the plea agreement, which had absolutely nothing to do withhgy the alleged ineffectiveness of his counsel on guideline sentencing issues.

## CONCLUSION

For all the foregoing reasons, the government's motion for summary judgment is granted and the defendant's § 2255 motion is denied.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[1]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

April 25, 2011                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).